**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **AMY HOOVER**,<br>on behalf of Nathan Wright, deceased,<br><br>        Plaintiff,<br><br>    v.<br><br>**CAROLYN W. COLVIN**,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. 3:13-cv-00823-SI<br><br><br>**OPINION AND ORDER** |

Merrill Schneider, Schneider Kerr Law Offices, P.O. Box 14490, Portland, OR 97293. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Courtney M. Garcia, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

    Defendant Commissioner of Social Security ("the Commissioner") moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 10. Because the Court lacks subject matter jurisdiction, Defendant's motion is **GRANTED** and the case is **DISMISSED**.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

The federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 133 S. Ct. 1059,

1064 (2013). As such, a court is to presume "that a cause lies outside this limited jurisdiction,

and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*

*v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson*

*v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d

1035, 1039 (9th Cir. 2004). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)

for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can

never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection

that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court

on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ.

P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed.

R. Civ. P. 12(h)(3).

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction may be either

"facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject

matter jurisdiction is based on the assertion that the allegations contained in the complaint are

insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the

challenger disputes the truth of the allegations that, by themselves, would otherwise invoke

federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (2013) (quoting *Safe Air for*

*Everyone*, 373 F.3d at 1039)). When a defendant factually challenges the plaintiff's assertion of

jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may

consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122,

1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A

factual challenge can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996).

## BACKGROUND

Plaintiff Amy Hoover ("Hoover"), on behalf of Nathan Wright (deceased), filed a claim for disability insurance benefits ("DIB") on March 12, 2009. Dkt. 11 at 3. Hoover's DIB claim was denied initially on May 5, 2009. *Id.* Hoover did not timely appeal the initial determination. Therefore, that determination became the final decision of the Commissioner.

Hoover subsequently filed a renewed claim for DIB. Those claims were denied initially and on reconsideration. *Id.* On January 11, 2012, an Administrative Law Judge ("ALJ"), citing res judicata, denied Hoover's request for a hearing to review the denial of benefits, and dismissed the case. *Id.* at 4. The ALJ found that res judicata applied because the period of disability alleged in the renewed claims was entirely within the period alleged in the initial claims, and because Hoover presented no new, material evidence to support a finding of disability. *Id.* at 35-36. The Appeals Council denied Hoover's request for review of the ALJ's dismissal; thereafter, Hoover commenced this action seeking review of the ALJ's dismissal of Hoover's request for a hearing. *Id.* at 4-5.

## DISCUSSION

The Commissioner moves to dismiss Hoover's complaint, arguing that the Court lacks subject matter jurisdiction over Hoover's claim. *See* Fed. R. Civ. P. 12(b)(1). The Court agrees.

Section 405(g) of Title 42 of the United States Code constrains federal courts' subject matter jurisdiction over social security cases, limiting judicial review to "final decision[s] of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *see Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993). If the requirements of § 405(g) are not satisfied, the

Court has subject matter jurisdiction only if a claimant asserts a "colorable constitutional claim." *Califano v. Sanders*, 430 U.S. 99, 109 (1977).

A constitutional claim is "colorable if it is not wholly insubstantial, immaterial, or frivolous." *Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001) (citation and quotation marks omitted). Although it is not necessary for a constitutional claim to be meritorious in order to be colorable, "[t]he mere allegation of a due process violation is not sufficient to raise a colorable constitutional claim to provide subject matter jurisdiction." *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000) (citation and quotation marks omitted). A mere allegation of a due process violation is insufficient because if it were to suffice:

> [T]hen every decision of the (Commissioner) would be [judicially] reviewable by the inclusion of . . . [magic] words . . . Every disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review.

*Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1993) (citation and quotation marks omitted) (bracketed alterations in original, parenthetical alteration added). Where "the record is patently inadequate to support the findings the ALJ made, application of res judicata is tantamount to a denial of due process." *Thompson v. Schweiker*, 665 F.2d 936, 941 (9th Cir. 1982).

The Commissioner argues that the Court lacks subject matter jurisdiction because Hoover failed both to satisfy § 405(g) and to present a colorable constitutional claim. *See* 42 U.S.C. § 405(g); *Anderson*, 230 F.3d at 1163. Hoover argues that the Court has subject matter jurisdiction because she has asserted a colorable constitutional claim. *See Califano*, 430 U.S. at 109. Hoover claims that the ALJ "denied [Hoover] the due process guarantee of a meaningful right to be heard when the ALJ failed to follow the agency regulations in dismissing [Hoover's] claim." Dkt. 13 at 3. Hoover also contends that "as part of its inquiry into the question of general subject matter jurisdiction, this Court may address the propriety of the ALJ'S application of res

judicata in this case." Dkt. 1 at 2. The Commissioner's jurisdictional challenge amounts to a factual attack because it is based on "'extrinsic evidence and [does] not assert lack of subject matter jurisdiction solely on the basis of the pleadings.'" *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)).

Hoover has not met her burden of establishing the Court's jurisdiction because (1) Hoover was afforded all of the procedural protections that due process required; and (2) there is no evidence in the record that the ALJ did not consider § 404.988(a).

**A.  Hoover was Afforded Due Process**

Applicants for social security disability benefits are entitled to due process in the determination of their claims. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "An applicant for social security benefits has a property interest in those benefits." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation and quotation marks omitted). Hoover alleges that she was denied her due process right to a meaningful opportunity to be heard on her DIB claim. The Court finds that Hoover was afforded procedural due process, including a meaningful opportunity to be heard. Moreover, Hoover's allegation to the contrary does not present a colorable constitutional claim. *See Rolen*, 273 F.3d at 1191.

Hoover does not dispute that she received notice of the initial denial of her original DIB claim and was afforded the full opportunity to engage in the administrative appeal process. Hoover, therefore, received both notice of, and a meaningful opportunity to be heard on, the Commissioner's denial of her claim before the Commissioner's initial denial became final. *See Mathews*, 424 U.S. at 346 (stating that an opportunity to submit evidence affords a sufficient procedural safeguard). As a result, due process was satisfied with respect to Hoover's original

DIB claim. Hoover filed the present claim without alleging any material differences between this claim and her original DIB claim. Pursuant to *Thompson*, only "[w]here the record is patently inadequate to support the finding the ALJ made, [is] application of res judicata . . . tantamount to a denial of due process." *Krumpelman v. Heckler*, 767 F.2d 586, 588 (1985) (citing *Thompson*, 665 F.2d at 941). Thus, due process did not require the ALJ to grant Hoover an additional opportunity to be heard where there was no new information presented relevant to Hoover's claim.

Hoover's due process claims relate solely to the ALJ's actions pursuant to 20 C.F.R. § 404.988(a) and fall short of those that may establish a due process violation based on the application of res judicata. *Cf. Thompson*, 665 F.2d at 941 (finding a due process violation where the ALJ failed to consider the claimant's lung disease, chronic alcoholism, ability to work only in a sheltered environment, and his lack of counsel in adjudicating his claim). Section 404.988(a) permits an ALJ to reopen a final decision "within 12 months of notice of the initial determination, for any reason." 20 C.F.R. § 404.988(a). Hoover argues that "the ALJ [denied Hoover procedural due process] by not *considering* § 404.988(a)" in refusing to grant Hoover a hearing on the renewed claim. Dkt. 13, at 5 (emphasis in original).

The purpose of § 404.988, however, is to grant the Commissioner discretion to reopen final decisions; it does not impose an affirmative obligation on the Commissioner to take action. 20 C.F.R. § 404.988 (stating that a determination "may" be reopened pursuant to subsections therein if the relevant criteria are satisfied); *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. 1985) (the Commissioner's decision to reopen a claim is purely discretionary after an administrative decision becomes final). The Commissioner's denial of a petition to reopen may only be challenged on constitutional grounds. *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008)

(citing *Sanders*, 430 U.S. at 109)). A constitutional challenge "must relate to the manner or means by which the Secretary decided not to reopen the prior decision, rather than to the merits of the prior decision or the means by which that decision was reached." *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997) (quoting *Panages v. Bowen*, 871 F.2d 91, 93 (9th Cir. 1989)).

A denial of benefits on the basis of res judicata violates due process when the claimant's failure to appeal the prior determination was the result of a mental impairment or the claimant was not represented by counsel during the earlier proceedings. *See Evans*, 110 F.3d at 1483. Hoover states that the issue before the Court "concerns construction of § 404.988." Dkt. 13 at 5. Hoover does not argue that she lacked the mental capacity to understand the procedures for requesting review or that she lacked counsel during the earlier proceedings. *Cf. Klemm*, 543 F.3d at 1145; *Evans*, 110 F.3d at 1483. Hoover has the burden to demonstrate that this Court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377. Ultimately, Hoover's argument that the Commissioner failed to abide by its own regulations when applying res judicata is based on federal law and regulation as opposed to constitutional due process grounds.

The Court finds that neither the ALJ's application of res judicata nor the alleged failure to consider 20 C.F.R. § 404.988(a) raise colorable constitutional claims sufficient to invoke subject matter jurisdiction in the face of a contrary statutory command. *See id.*; *Hoye*, 985 F.2d at 992.

**B.  Lack of Evidence**

Even if the Court were to agree with Hoover that the ALJ's alleged failure to consider § 404.988(a) constitutes a due process violation, Hoover's claim is not colorable. To present a "colorable constitutional claim," Hoover's allegation must "be supported by facts sufficient to state a violation of . . . due process." *Klemm*, 543 F.3d at 1144 (internal quotation marks omitted). There are no facts in the record to support Hoover's allegation that the ALJ did not

consider § 404.988(a). Hoover's claim, therefore, is insufficient to invoke the Court's

jurisdiction. *See Klemm*, 543 F.3d at 1144.

Hoover attempts to provide factual support for her allegation by referring to two aspects

of the ALJ's analysis. First, Hoover points to the ALJ's conclusion that "none of the conditions

for reopening set forth in 20 C.F.R. § 404.988 is present in [Hoover's] case." Hoover construes

the ALJ's omission of a specific reference to § 404.988(a) as evidence that the ALJ did not

consider that subsection. A more reasonable interpretation of the ALJ's conclusion is that

Hoover failed to satisfy the conditions of either § 404.988(a) or § 404.988(b). Hoover's

argument to the contrary is "purely conclusory." *See Krumpelman*, 767 F.2d at 588 (citation and

internal quotation marks omitted).

Second, Hoover cites the ALJ's detailed explanation that Hoover failed to demonstrate

good cause to reopen her case as evidence that the ALJ only considered § 404.988(b), and not

§ 404.988(a). *See* 20 C.F.R. § 404.988(a) (authorizing the ALJ to reopen a case within 12 months

of a final decision, for any reason) *and* 20 C.F.R. § 404.988(b) (authorizing the ALJ to reopen a

case for good cause, within four years of a final determination). Hoover argues that by

thoroughly explaining that there was no good cause to reopen her claims, the ALJ failed to

consider his discretion to reopen them for any reason at all. The ALJ's conclusion that there was

no good cause to reopen Hoover's claim does not factually support Hoover's argument that the

ALJ failed to consider § 404.988(a). *Cf. Klemm*, 543 F.3d at 1145 (allegation of facial due

process violation did not present a colorable constitutional claim because it was not supported by

facts in the record). The Court declines to infer an oversight of § 404.988(a) from the ALJ's

rigorous analysis under § 404.988(b).

PAGE 8 – OPINION AND ORDER

In sum, Hoover's allegation that the ALJ failed to consider § 404.988(a) does not present a due process violation and is not a colorable constitutional claim because it is unsupported by the evidence in the record. *See Klemm*, 543 F.3d at 1144.

## CONCLUSION

Because the Court lacks subject matter jurisdiction over Hoover's claim, Defendant's motion (Dkt.10) is **GRANTED** and the case is **DISMISSED** with **PREJUDICE**.

**IT IS SO ORDERED**.

DATED this 6th day of December, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge